260 So.2d 492 (1972)
Walter Van B. ROBERTS et al., Petitioners,
v.
Reubin O'D. ASKEW, Governor, et al., As and Constituting the Board of Trustees of the Internal Improvement Trust Fund of Florida, Respondents.
No. 41740.
Supreme Court of Florida.
March 29, 1972.
Rehearing Denied April 27, 1972.
*493 Dye, Dye, Smith, Cleary & Scott, Bradenton, and Holland & Knight, Bartow, for petitioners.
M. Stephen Turner, Gen. Counsel, Internal Improvement Trust Fund, Tallahassee, for respondents.
J. Kenneth Ballinger, Tallahassee, as amicus curiae.
ADKINS, Judge.
This is an original proceeding in mandamus. An alternative writ was issued and a return has been filed.
Petitioners were the successful litigants in a suit to quiet title against the respondents and their predecessors in office, as the Board of Trustees of the Internal Improvement Trust Fund. Final judgment quieting petitioners' title against the claims of respondents was entered on October 18, 1968. This final judgment provided, inter alia, "that cost may be taxed upon motion." The attempted appeal by respondents from this judgment was dismissed by the District Court of Appeal on January 7, 1969, as being untimely filed. On May 8, 1969, petitioners moved to tax costs pursuant to the above provision of the final judgment. After two hearings, costs were awarded by an order entered October 15, 1969. Respondents did not seek a review of this order.
When respondents refused to comply with the order, even though they sought no review, petitioners instituted these proceedings to compel respondents to pay the costs awarded by the trial judge.
On March 13, 1969, the District Court of Appeal, First District, rendered its decision in Merrill v. Simpson, 220 So.2d 33 (Fla. App.1st, 1969), allowing costs to be taxed against the taxing authorities of a county. This decision was approved by this Court (Simpson v. Merrill, 234 So.2d 350) on the ground that Fla. Stat. § 57.041(1), F.S.A., does not exclude the State or its agencies. This statute reads as follows:
"The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs."
Petitioners say that the obligation to pay the cost judgment is merely a ministerial obligation commanded by a valid court order and they have a clear legal right to have respondents comply with the order of the trial court by paying the costs. Respondents say that since the costs were not made a part of the final judgment of October 18, 1968, and since the motion to tax costs was not made before the judgment became conclusive and irrevocable, the trial court was without jurisdiction to tax costs at the time of petitioners' motion of May 8, 1969. Further, respondents say that the motion to tax costs was improper because Simpson v. Merrill, supra, should not be applied retroactively and the motion was tainted by laches.
There is no statute, nor is there any rule of this Court, which specifies the time when the motion for taxation of costs must be filed. In Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1969), we quoted with approval from Craft v. Clarembeaux, 162 So.2d 325 (Fla.App.2d, 1964), as follows:
"There are then at least three distinct means of securing review of cost determination. If the cost determination is entered in the final judgment or is made subsequent to rendition of the final judgment but prior to timely appeal from that judgment, plenary appeal from the final judgment and a proper assignment or, if appropriate, cross-assignment of error will bring the cost order to the appellate court. See Rules 3.2(d), 3.3 and 3.5, F.A.R. If the cost determination is made after entry of a final judgment and the judgment has been appealed, the time for *494 appealing the final judgment has expired or the aggrieved party does not desire to appeal the final judgment, interlocutory appeal from the cost judgment will bring that matter to the appellate court. Rule 4.2, F.A.R. If the cost judgment is entered after the mandate of the appellate court has been lodged in the cause, petition under Rule 3.16 will provide a means of review." (p. 327)
Chatlos v. City of Hallandale, supra, recognizes the several different times at which costs may be taxed under our procedure:
(1) A cost adjudication contained in the final judgment itself;
(2) A cost adjudication after final judgment but prior to the taking of an appeal, or expiration of the appeal period;
(3) A cost adjudication after final judgment and after the taking of a timely appeal;
(4) A cost adjudication after final judgment and subsequent to the expiration of the appeal period;
(5) A cost adjudication after final judgment and after the mandate from the appellate court has been lodged in the clause.
Chatlos v. City of Hallandale, supra, indicates that the review of the cost determination under (1) and (2) can be made in a plenary appeal with proper assignment of error. Situations (3) and (4) do not permit the cost determination to be reviewed in a plenary appeal, and the procedure is the taking of an interlocutory appeal under Rule 4.2, F.A.R., 32 F.S.A. Situation (5) mandates review by petition pursuant to Rule 3.16, subd. c, F.A.R.
We now hold that costs may be adjudicated after final judgment, after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded. However, the motion to tax costs should be made within a reasonable time after the appeal has been concluded. In the case sub judice, the motion to tax costs was filed approximately four months after the appeal had been dismissed. This is not an unreasonable length of time and it does not appear that the delay prejudiced the respondents in any way.
By their return, the respondents have launched a collateral attack on the order allowing costs. They did not seek a direct review. The issue of laches could have been presented to the trial judge and reviewed on appeal. Respondents have failed to show that the doctrine of laches should become applicable in this collateral attack.
The respondents, elected officials, suffered an adverse judgment in a court of competent jurisdiction, then declined to follow available appellate procedure. Instead, respondents refused to recognize the order of the trial court. Respondents are not in a position to seek on their behalf the invocation of any equitable consideration.
We next consider whether petitioners are entitled to interest on their money judgment at the lawful rate from the date of its entry until paid. Traditionally, the State and its agencies have been held to be immune from the obligation to pay interest on money judgments.
The respondents Trustees daily engage in those activities which are commonly held to be business activities, such as buying, selling and leasing land, the sale of fill material, granting of leases for various business activities, and similar business-related activities. Fla. Stat. Ch. 253, F.S.A.
In Ed C. Wright & Co. v. Adkins, 152 Fla. 512, 12 So.2d 296 (1943), Adkins sued a County Road and Bridge District and its refunding agent seeking to recover attorneys' fees for services rendered in connection *495 with a bond refunding program. Adkins cross-appealed from that portion of an order disallowing interest on his claim. It was held that interest could be recovered against the Trustees of the County Road and Bridge District, the Court saying:
"We are not unmindful of the holdings of this Court to the effect that political entities cannot be required to pay interest on a judgment such as we have here unless authorized by statute, but here we have a judgment against a legal entity that is authorized to contract for defined purposes and we think the contract in question within the rule announced in Treadway v. Terrell, 117 Fla. 838, 158 So. 512, 513, on authority of which cross appellee is entitled to interest on his judgment." (p. 298)
Fla. Stat. § 55.03, F.S.A., provides that all judgments and decrees shall bear interest at the rate of six per cent. This statute and other applicable statutes make no exemption in favor of the Trustees from the obligation to pay interest on a judgment rendered against the Trustees. The same reasoning employed by this Court in Simpson v. Merrill, supra, should apply here and the Trustees should be required to pay interest just as they are required to pay court costs.
We therefore conclude that the return to the alternative writ does not present an adequate defense and that a peremptory writ of mandamus should issue. We withhold the issuance of a formal writ in full confidence that the respondents will comply with the order of the Circuit Court of the Twelfth Judicial Circuit entered October 15, 1969, directing them to pay petitioners the sum of $7,599.00, together with interest at the rate of six per cent from October 15, 1969 to date paid.
It is so ordered.
ROBERTS, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.