384 So.2d 57 (1980)
Jose GONZALEZ, a/k/a Jose Cardenaz Gonzalez, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1788.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
Richard L. Jorandby, Public Defender, and Polly M. Shull, Asst. Public Defender, West Palm Beach, for appellant.
*58 Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Chief Judge.
The appellant was placed on probation. One condition of the probation was that the defendant serve three months in the county jail. Then, a notice of appeal was filed. Subsequently, the defendant petitioned the lower court to mitigate the sentence. Instead, the trial court ordered the defendant to serve four months in the county jail, but to be served only on weekends.
The filing of a notice of appeal vested exclusive jurisdiction in this appellate court, and accordingly, the trial court lost jurisdiction. Wells v. State, 362 So.2d 441 (Fla. 4th DCA 1978); Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978).
The modification of sentence is, therefore, reversed and this cause is remanded to the trial court for a new hearing on the defendant's motion to mitigate his sentence. Regarding the mitigation hearing, the trial judge may modify the sentence so as to mitigate the punishment, but he may not increase the penalty. An increase in penalty would subject the defendant to double punishment for the same offense, thus violating the Fifth Amendment of the Constitution. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973). We confess that a four month sentence to be served only on weekends may be less onerous than three months of continuous incarceration. Yet the fact remains that it is an increase in the amount of total time to be served and therefore impermissible.
All other points on appeal are found to be without merit.
REVERSED. REMANDED UNLESS THE CAUSE IS MOOT.
ANSTEAD and GLICKSTEIN, JJ., concur.