PER CURIAM.
The issue is whether the trial court erred in granting a writ of mandamus requiring the appellant/city to pay a cost judgment. We hold that the cost judgment was subject to an automatic stay and, therefore, we reverse.
Rule 9.110(h), Fla.R.App.P., provides that “[t]he court may review any ruling or matter occurring prior to filing of the notice [of appeal]. Multiple final orders may be reviewed by a single noticé, if the notice is timely filed as to each such order.” Applying this rule to the case at bar, we hold that the notice of appeal in case no. 82-2199 which was timely filed after rendition of a final judgment and after rendition of an order taxing costs and *406 attorney’s fees, gave this court jurisdiction to review both orders. See also Roberts v. Askew, 260 So.2d 492 (Fla.1972) (construing predecessor rule). Since the City of Lake Worth, a public body, is the appellant in case no. 82-2199, its timely filed notice of appeal automatically operated as a stay of both orders under review. See Rule 9.310(b), Fla.R.App.P. Consequently, the trial court erred in granting a writ of mandamus requiring payment of a cost judgment which had been stayed pending review.
Accordingly, we reverse and remand with instructions to discharge the writ.
REVERSED & REMANDED WITH INSTRUCTIONS.
DOWNEY, HURLEY and WALDEN, JJ., concur.