618 So.2d 765 (1993)
Kenneth Leonard GATLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00555.
District Court of Appeal of Florida, Second District.
May 12, 1993.
*766 James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Hollywood, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges his conviction for possession of a firearm by a convicted felon and the order requiring him to pay certain costs of prosecution. We find error only in the imposition of costs of prosecution.
First, there is no written order requiring appellant to pay the costs of prosecution. Although the bench notes and the transcript reflect that those costs were ordered, the record on appeal contains no final written order concerning costs. Accordingly, this court has no jurisdiction. Rivera v. Dade County, 485 So.2d 17 (Fla. 3d DCA 1986).
We cannot remedy this situation, however, by merely relinquishing jurisdiction for entry of a proper written order because the trial court did not have jurisdiction to enter the oral order imposing costs in the first place. Although the court had reserved jurisdiction at sentencing to consider imposing costs for the prosecutor's salary and the police investigation, when the court actually ordered those costs, it was without jurisdiction to do so because appellant had already filed his timely notice of appeal, wresting jurisdiction from the trial court and vesting it here. Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980).
We, therefore, dismiss the appeal for lack of jurisdiction with instructions that the court may reimpose those investigative costs that may be properly imposed so long as the court had reserved jurisdiction to impose them at the original sentencing hearing. In that regard, we observe that, contrary to appellant's challenge, the state's affidavit setting forth the costs of prosecution falls under the exception to the hearsay rule contained in section 90.803(8), Florida Statutes (1991), and was properly admitted as a statement reduced to writing setting forth the activities of the office. Further, under Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), rev. denied, 618 So.2d 211 (Fla. 1993), the state is not entitled to recover attorney's fees as part of the costs of prosecution.
Dismissed for lack of jurisdiction.
SCHOONOVER and THREADGILL, JJ., concur.