640 So.2d 1203 (1994)
Richard Allen SEWAR, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00922.
District Court of Appeal of Florida, Second District.
August 3, 1994.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Counsel for Richard Allen Sewar has filed a brief in this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Sewar has filed no separate brief. Of the possible issues raised, we affirm the judgment and sentence but strike certain costs which were erroneously imposed.
*1204 A cost of twenty-five dollars was imposed pursuant to section 939.01, Florida Statutes (1991). That statute requires a request for costs and documentation from the investigative agency to be provided to the trial court. § 939.01(1), Fla. Stat. (1991). Because, here, there is no documentation supporting this cost and the prosecution waived its costs at the sentencing hearing, it was error to assess this cost.
Sewar also challenges the attorney's fees and costs assessed pursuant to section 27.56(1), Florida Statutes (1991). There are two reasons to strike these fees and costs. First, the record reflects that the order assessing these amounts was entered after the notice of appeal was filed in this case. The trial court was therefore without jurisdiction to enter the order. See Gatlin v. State, 618 So.2d 765 (Fla. 2d DCA 1993). Second, notice and opportunity to contest fees and costs assessed pursuant to section 27.56(1) is a prerequisite to imposition of these fees and costs. See Farmer v. State, 617 So.2d 447 (Fla. 1993). The record contains no notice to Sewar that these fees and costs would be assessed, and there is nothing in the record to suggest that Sewar had an opportunity to contest these amounts. Accordingly, we must also find that these fees and costs were improperly assessed.
We affirm the judgment and sentence. We remand this case to the trial court to strike the twenty-five dollars costs imposed pursuant to section 939.01 and the fees and costs assessed pursuant to section 27.56(1). On remand, the trial court may reimpose those fees and costs after prior notice and an opportunity to be heard on the assessment.
DANAHY, A.C.J., and ALTENBERND, J., concur.