652 So.2d 453 (1995)
Willie James WYATT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0101.
District Court of Appeal of Florida, Fourth District.
March 22, 1995.
Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia Ann Ash, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions, habitualized sentence, imposition of attorney's fees and costs, and the accompanying lien against appellant.
With respect to the attorney's fees and costs, the state failed to respond to appellant's position that the notice of appeal divested the trial court of jurisdiction and vested exclusive jurisdiction here, and his reliance upon Gatlin v. State, 618 So.2d 765 (Fla. 2d DCA 1993).[1] Nevertheless, we conclude appellant's position is not persuasive in light of Roberts v. Askew, 260 So.2d 492 (Fla. 1972), and Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla. 1986).
Roberts, 260 So.2d at 494, indicates that costs "may be adjudicated after final judgment, *454 after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded. However, the motion to tax costs should be made within a reasonable time after the appeal has been concluded." (emphasis added). Thus, Roberts indicates that the filing of a notice of appeal does not preclude the trial court from assessing costs, and presumably also fees, regardless of whether the motion for costs or fees was filed before or after the notice of appeal. See also McGurn v. Scott, 596 So.2d 1042 (Fla. 1992) (discussing Roberts); Amlan, Inc. v. Detroit Diesel Corp., 651 So.2d 701 (Fla. 4th DCA 1995) (noting that filing of appeal does not divest trial court of jurisdiction to rule on previously filed motion for fees and costs).
In Finkelstein, the supreme court concluded "that a post-judgment motion for attorney's fees raises a `collateral and independent claim' which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality." 484 So.2d at 1243 (citation omitted).[2] No appeal was taken from the final judgment in Finkelstein. Although the final judgment stated that "[c]osts will be taxed at a later date upon appropriate motion," it did not expressly reserve jurisdiction to assess fees. The court determined that such magic words were not critical. Thus, Finkelstein suggests that the failure to expressly reserve jurisdiction does not preclude a later assessment of fees, and also presumably costs. McAskill Publications, Inc. v. Keno Bros. Jewelers, Inc., 647 So.2d 1012 (Fla. 4th DCA 1994), confirms this understanding. See id. at 1012 n. 1 (trial court need not reserve jurisdiction to award fees to prevailing party because "any post-judgment motion for attorney's fee would raise a `collateral and independent claim'" (citing Finkelstein, 484 So.2d at 1243)).
We read Roberts and Finkelstein together to permit the trial court to assess fees and costs after the notice of appeal has been filed, even where the trial court did not expressly reserve jurisdiction to do so.
GLICKSTEIN, STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] The second district's position is that the filing of the notice of appeal divests the trial court of jurisdiction to assess fees and costs and that fees and costs may only be reassessed on remand if the trial court had reserved jurisdiction to do so at the sentencing hearing. See Sewar v. State, 640 So.2d 1203 (Fla. 2d DCA 1994). Although the Sewar case relied upon Gatlin, the latter relied upon the fourth district's opinion in Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980). Gonzalez does stand for the general proposition that the filing of a notice of appeal divests the trial court of jurisdiction. Gonzalez, however, did not involve the assessment of costs or fees.
[2] The court distinguished fees to a prevailing party from fees granted in a dissolution case where such fees are intended to equalize the financial positions of the parties and are part of the property distribution, and therefore should be settled in the final judgment.