690 So.2d 684 (1997)
Jeffrey F. WINES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-834.
District Court of Appeal of Florida, Fifth District.
March 27, 1997.
James B. Gibson, Public Defender, and Dee R. Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant *685 Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Jeffrey F. Wines pled guilty to burglary of a dwelling, third degree grand theft and attempted unlawful purchase of a controlled substance. The trial court adjudicated him guilty and sentenced him to 90 months in prison followed by 12½ years probation. On appeal, Wines challenges the conditions of probation requiring him to pay court costs, investigative costs, costs of random drug and alcohol tests, a processing fee for administrative probation status, and $1.00 per month to First Step, Inc. He also challenges the imposition of a public defender's lien. We affirm the sentences and the imposition of costs for drug and alcohol tests, but vacate those conditions improperly assessing other costs and fees and the public defender's lien.
Conditions 12 and 20 of Wines' probation order deal with alcohol and drug testing. Condition 12 is listed as part of the trial court's standard conditions of probation and requires that Wines submit to random testing for alcohol and drugs. Condition 20 is listed as a special condition of probation and requires that Wines submit to "a thorough alcohol and/or drug evaluation" and if referred, to successfully complete the recommended treatment program. Both conditions require that Wines pay the attendant costs of the programs. On appeal, Wines does not contest the imposition of costs for condition 20 of the probation order. However, he argues that the trial court erred when it imposed costs for random testing without orally pronouncing them. We disagree.
During sentencing, Wines' attorney requested placement in a drug treatment program. When the trial court asked "[D]o I have to read the standard conditions?" the attorney waived the reading by answering "No, sir." The trial court proceeded to read all of the special conditions of probation. The trial court did orally inform Wines that he would be referred to an agency for alcohol and drug evaluation and treatment and he would be responsible for the costs. The court stated "you will pay any fees for evaluation, referral, and treatment." (Emphasis added.) Wines' attorney did not object or appear confused by the trial court's pronouncement on the payment of fees for drug testing. If there was confusion over whether one or both drug tests would be paid for by Wines, the matter should have been brought to the attention of the trial court. To allow relief on this colloquy would elevate form over substance. The trial court properly informed Wines of the costs. Fernandez v. State, 677 So.2d 332 (Fla. 4th DCA), rev. dismissed, 683 So.2d 485 (Fla.1996); Daughtery v. State, 654 So.2d 1209 (Fla. 2d DCA 1995).
The trial court erred by failing to cite to statutory authority for the imposition of other costs and fees. Madison v. State, 664 So.2d 1140 (Fla. 5th DCA 1995). Also, the court incorrectly assessed investigative costs absent a request or supporting documentation for such costs from the state. § 939.01(1), Fla.Stat. (1995); Pazo v. State, 684 So.2d 898 (Fla. 5th DCA 1996). The trial court further erred by failing to orally announce all discretionary costs and fees. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Finally, the trial court improperly imposed the public defender's lien because Wines was not given notice or opportunity to contest the amount. Fraim v. State, 678 So.2d 527 (Fla. 5th DCA 1996); Andino v. State, 676 So.2d 493 (Fla. 5th DCA 1996).
Accordingly, we affirm the judgments and sentences, but vacate the provisions assessing court costs, investigative costs, the processing fee for administrative probation status, and the monthly payment to First Step, Inc. We also strike the public defender's lien. On remand, the trial court may reimpose the costs and the lien, if appropriate, upon compliance with Florida Rule of Criminal Procedure 3.720(d)(1).
JUDGMENT AFFIRMED; SENTENCE AFFIRMED in part and VACATED in part; LIEN STRICKEN; REMANDED.
COBB and W. SHARP, JJ., concur.