PARKER, Chief Judge.
Reginald A. Kit appeals the final judgment assessing attorney’s fees and costs. We reverse because the trial court did not have jurisdiction to enter the order.
The trial court appointed Mara Mandell to represent Kit on his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Mandell represented Kit at an evidentiary hearing. Kit specifically requested that Mandell be appointed in this case. At the hearing, the trial court did not expressly reserve jurisdiction to enter a judgment for fees and costs. After the trial court denied Kit’s postconviction motion, he appealed.
While Kit’s case was on appeal, Mandell filed a petition for attorney’s fees and costs with itemized expenditures relating to the representation of Kit. The County Attorney’s Office was noticed, but there is no indication on the motion that Kit was noticed. The trial court signed an order authorizing payment of attorney’s fees and costs, noticing Mandell and the County Attorney’s Office, but not Kit. The final judgment assessing attorney’s fees and costs was signed on the same day. Mandell, the County Attorney’s Office, and Kit received notice of the judgment. Kit subsequently requested a hearing on his objection to the final judgment assessing attorney’s fees and costs. A telephone hearing was held on Kit’s objection to the assessment of fees and costs due Mandell. Thereafter, the trial court signed an order denying Kit’s objection to the final judgment for fees and costs.
In Sewar v. State, 640 So.2d 1203, 1204 (Fla. 2d DCA 1994), this court concluded that the filing of a notice of appeal divests the trial court of jurisdiction to assess fees and costs and that these fees and costs cannot be reassessed unless the trial court reserved jurisdiction to do so at the sentencing hearing. In this ease, the trial court did not reserve jurisdiction to award attorney’s fees and costs. Mandell filed the petition for attorney’s fees and costs after Kit filed his notice of appeal. Accordingly, under Sewar, the trial court did not have jurisdiction to impose the costs and fees and cannot, on remand, reimpose them. See Gatlin v. State, 618 So.2d 765, 766 (Fla. 2d DCA 1993) (trial court without jurisdiction to impose fees and costs and could only impose fees and costs on remand if jurisdiction had been reserved). We note that Sewar is in conflict with Wyatt v. State, 652 So.2d 453 (Fla. 4th DCA 1995), and certify conflict.
Reversed and remanded.
CAMPBELL and THREADGILL, JJ., concur.