740 So.2d 1245 (1999)
Maximiliano HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-1852.
District Court of Appeal of Florida, Third District.
September 1, 1999.
*1246 Maximiliano Hernandez, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
Maximiliano Hernandez appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.800.
After conviction in circuit court case number 91-34449, on March 18, 1992, defendant-appellant was sentenced to a term of 12 years in state prison followed by three years probation. After violating his probation a second time, on June 21, 1994, the trial court sentenced defendant to 20 years in state prison followed by 10 years probation.
After filing three motions for postconviction relief, on May 17, 1999, defendant filed his fourth motion for postconviction relief claiming that the June 1994 sentence is illegal because it exceeds the probationary portion of defendant's original sentence. The motion was denied and this appeal followed. We affirm.
First, this (fourth) request for postconviction relief is barred. See Zeigler v. State, 632 So.2d 48, 51 (Fla.1993) ("`A successive motion [for post-conviction relief] may be dismissed if it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the failure to raise those issues in a prior motion constitutes an abuse of process.'") (citation omitted). Second, the June 1994 sentence is not an impermissible sentence and the trial court was permitted to impose a sentence greater than 3 years. The original sentence was a "probationary split sentence" (not a "true split sentence") consisting of a period of confinement followed by a period of probation. See Poore v. State, 531 So.2d 161, 164 (Fla.1988). Under these circumstances, upon violation of defendant's probation, the trial court was permitted to impose any sentence it might have imposed at the time of the initial sentence, with credit for time served and subject to the guidelines recommendation. Id. Assuming, without deciding, that a claim of this type can be raised by a Rule 3.800(a) motion, the claim is without merit.
Affirmed.