*1291
CONFESSION OF ERROR

PER CURIAM.
By way of a motion made pursuant to Rule 3.800, Fla. R.Crim. P., appellant, Eugenio Diaz, appeals the denial of his motion for credit for time previously served in prison against the prison sentence imposed upon the revocation of his community control.
Diaz was initially charged in two separate informations with robbery and attempted first degree murder. He pled no contest to both charges and was sentenced concurrently to a probationary split sentence of four years imprisonment followed by two years community control. He was awarded 358 days jail time credit for the attempted first degree murder case and 465 days jail time credit for the robbery case.
Subsequently, Diaz was found to be in violation of his community control and was sentence concurrently in both cases to seven years imprisonment. The court awarded Diaz 400 days as credit for time served for the attempted first degree murder charge and 506 days as credit for time served for the robbery charge. Diaz then filed a motion to correct illegal sentence claiming that he was entitled to credit for time served in prison against the sentence imposed upon the revocation of his community control. The trial court’s denial of this motion and motion for rehearing prompted this appeal.
On this appeal, the state concedes and we agree that the trial court erred in denying Diaz’s motion for credit for time served. Upon the revocation of the community control portion of the sentence, the trial court could have imposed any sentence it originally could have imposed, with credit for time served. See Poore v. State, 531 So.2d 161 (Fla.1988); see also Hernandez v. State, 740 So.2d 1245 (Fla. 3d DCA 1999); Diaz, therefore, is entitled to credit for time served in prison against the prison sentence imposed upon the revocation of the community control portion of his probationary split sentence.
We, therefore, reverse and remand with directions that Diaz be awarded the appropriate prison credit time.