GRIFFIN, J.
The defendant appeals the denial of his Rule 3.800(a) motion to correct an illegal sentence. The defendant was convicted of two counts of attempted sexual battery and was originally sentenced to two years incarceration followed by five years probation. Upon violation of probation, the defendant was sentenced to thirty years incarceration.
The defendant contends the thirty-year sentence after incarceration following violation of probation is illegal because he was originally sentenced to a “true split sentence” and his sentence could not exceed the probationary portion of the defendant’s original sentence. The trial court correctly denied the defendant’s motion *1102 because the defendant was originally sentenced to a “probationary split sentence” and upon violation of probation, the trial court could impose any sentence it originally could have imposed. See Hernandez v. State, 740 So.2d 1245 (Fla. 3d DCA 1999); see also Poore v. State, 531 So.2d 161 (Fla.1988).
AFFIRM.
THOMPSON, C.J., and SAWAYA, J., concur.