879 So.2d 651 (2004)
Willie Mack WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2965.
District Court of Appeal of Florida, Fifth District.
July 2, 2004.
*652 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Willie Mack Woods appeals the sentence imposed for violation of probation and the order denying his motion to withdraw his plea. Specifically, Woods argues that the trial court did not have jurisdiction more than sixty days after the original sentence was imposed to order payment of attorney's fees for the services provided by Woods' public defender and that the trial court erred in denying his motion to withdraw his plea to the charge of violation of probation because it was coerced and was entered without the presence of his attorney.
This appeal involves sentences imposed for various offenses in two separate cases. In April 2002, Woods entered a plea of guilty to the offenses charged in Case Number 00-1280 and was sentenced to 324 days in jail with credit for time served, followed by three years of probation that included the condition that Woods pay court costs and $290 for public defender fees. In May 2002, Woods entered a plea of guilty to the offenses charged in Case Number 00-1258 and received a sentence of 341 days in jail with credit for time served, followed by probation.
On May 23, 2002, Woods committed a new law violation. He was subsequently arrested for violation of probation on May 28, 2002. Woods appeared at his violation of probation hearing on August 15, 2002, and entered an admission to the violation. The presiding judge was Judge Draper. The exchange between the trial judge, Woods and defense counsel indicates a degree of frustration on the part of the judge but, nonetheless, the plea was finally accepted and Woods was sentenced to five years in prison in Case Number 00-1280, with credit for time served. His probation in that case was revoked, and he was ordered to pay the unpaid costs and fees through the Collection Court at the rate of $75 per month. In Case Number 00-1258, Woods was placed back on probation for two years consecutive to the five-year prison sentence and ordered to pay the costs and fees in that case as conditions of probation.
On August 27, 2002, Woods filed a motion to withdraw his plea in both cases and a motion to recuse the trial judge. A hearing on these motions was conducted on September 13, 2002, by another judge who took the motion to withdraw the plea under advisement to allow him time to review the transcripts. On that same day, Woods filed his notice of appeal. On September 18, 2002, a hearing was held on a motion for supplemental attorney's fees that is not included in the record on appeal. Fearing that he did not have jurisdiction to award supplemental fees, the trial judge took the matter under advisement and, on September 20, 2002, resumed *653 the hearing and ordered that Woods pay an additional $1,350.60 in Case Number 00-1258 as a condition of his probation and additional fees in the amount of $2,236.50 in Case Number 00-1280 as a condition of his probation. Although the record is not clear, it appears that the supplemental fees ordered in Case Number 00-1280 were ordered paid as a condition of the probation in Case Number 00-1258. What is clear, however, is that rather than issuing a civil lien pursuant to section 938.29(2), Florida Statutes (2002), the trial court attempted to make payment of the supplemental fees a part of Woods' criminal sentence.[1]
Woods contends that it was improper to modify his sentence by ordering payment of these fees more than sixty days after his original sentence was imposed. We reject this argument because, when a defendant is sentenced for violation of probation, the trial court may impose any sentence that could have originally been imposed without violating the proscription against double jeopardy. § 948.06(1), Fla. Stat (2002); Lippman v. State, 633 So.2d 1061 (Fla.1994); Brown v. State, 826 So.2d 1101 (Fla. 5th DCA 2002). Therefore, the trial court could order payment of the additional fees at the time Woods was sentenced for violating his probation provided the pertinent rule and statute governing awards of public defender fees were complied with. See § 938.29, Fla. Stat. (2002); Fla. R.Crim. P. 3.720.
Rule 3.720 requires that as soon as practicable after the determination of guilt, the trial court must conduct a sentencing hearing. During this hearing,
[i]f the accused was represented by a public defender or special assistant public defender, the court shall notify the accused of the imposition of a lien pursuant to section 27.56, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.
Fla. R.Crim. P. 3.720(d)(1). In the event the defendant requests a hearing to contest the amount of the lien, "the court shall set a hearing date within 30 days of the date of sentencing." Fla. R.Crim. P. 3.720(d)(2). The Committee Notes appended to rule 3.720 state that this thirty-day rule "is designed to complete all lien requirements established by section 27.56, Florida Statutes, before defendants are removed from the jurisdiction of the trial court." Similarly, section 938.29(6), Florida Statutes (2002) (formerly section 27.56, Florida Statutes),[2] provides:

*654 The court having jurisdiction of the defendant-recipient may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant public defender, or appointed private legal counsel and costs, at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
This court has held that reversal is required if the trial court orders payment of public defender fees without proper compliance with rule 3.720 and section 938.29. Wines v. State, 690 So.2d 684, 684 (Fla. 5th DCA 1997) (citing Fraim v. State, 678 So.2d 527 (Fla. 5th DCA 1996); Andino v. State, 676 So.2d 493 (Fla. 5th DCA 1996)). The rule and statute were not complied with here because Woods was not given notice of the supplemental fees at the violation of probation sentencing hearing, was not given notice of his right to contest the fees, and the fee hearing was held more than thirty days after Woods was sentenced for violation of his probation. However, Woods neither objected at the hearing to imposition of the fees based on noncompliance with the rule and statute nor challenged the error via a 3.800(b) motion.[3]
Although Woods did not object at the sentencing hearing and did not file a rule 3.800(b) motion, lack of jurisdiction may not be cured by consent, it is not subject to waiver and it can be raised at any time, including the first time on direct appeal.[4] This raises the issue whether the *655 thirty-day requirement of rule 3.720(d)(2) is jurisdictional. Whether a rule or statute contains jurisdictional requirements is sometimes not an easy issue to resolve. But it is not necessary for us to engage in protracted analysis in order to resolve this issue because the trial court lacked jurisdiction to proceed with the hearing and award the supplemental fees for an entirely different reason.
Woods contends that the trial court did not have jurisdiction to order payment of the additional fees after the notice of appeal had been filed. There is a split of authority regarding this issue. The Fourth District Court has adopted the view that jurisdiction remains with the trial court. See Lee v. State, 785 So.2d 603 (Fla. 4th DCA 2001); Wyatt v. State, 652 So.2d 453 (Fla. 4th DCA 1995). The Second District Court adopts the view that the trial court is divested of jurisdiction. See Kit v. State, 705 So.2d 1011 (Fla. 2d DCA 1998); Sewar v. State, 640 So.2d 1203 (Fla. 2d DCA 1994). We adopt the view espoused by the Second District Court as the better-reasoned approach and hold that the trial court loses jurisdiction to conduct a fee hearing and render an order making payment a condition of probation after the defendant files a notice of appeal contesting his sentence and conviction. Moreover, we believe that this view comports with analogous decisions from this court holding that restitution may not be ordered after a notice of appeal is filed even though the trial court reserved jurisdiction to consider the amount of restitution at sentencing. See Kern v. State, 726 So.2d 353, 354 (Fla. 5th DCA 1999) ("The trial court had no jurisdiction to conduct a restitution hearing or enter restitution orders after Kern filed a notice of appeal, even though the court previously ordered restitution and properly reserved jurisdiction to hold a restitution hearing.") (citing Pearson v. State, 686 So.2d 721 (Fla. 2d DCA 1997); Nguyen v. State, 655 So.2d 1249 (Fla. 1st DCA 1995)); see also Torres v. State, 812 So.2d 610 (Fla. 1st DCA 2002). Hence, the order awarding fees and requiring that they be paid as a condition of Woods' probation must be reversed.
Woods also contends that the trial court erred in denying his motion to withdraw his plea to the charge of violation of probation because his conflict attorney, Ms. Gillard, was not present and the plea was coerced. We resolve this issue based on the abuse of discretion standard of review. See Cella v. State, 831 So.2d 716 (Fla. 5th DCA 2002). The record reveals that while Ms. Gillard was not present at the violation of probation hearing, Woods was represented by Mr. Lippman, an attorney with the Public Defender's Office, who was familiar with Woods' case and had witnesses present and prepared to testify had a hearing been necessary. Moreover, Ms. Gillard had not filed a notice of appearance in the case. The plea was discussed between Mr. Lippman and Woods during at least two pauses noted in the transcript and thereafter Woods announced that he wished to accept the offer.
Our review of the transcript of the hearing regarding the motion to withdraw reveals that the underlying reason for Woods' argument is not so much that Ms. Gillard was not present than it is that Judge Draper was. Judge Draper's presence instilled a fear in Woods that because she was familiar with him and his criminal background, Judge Draper would impose a *656 harsher sentence than another judge not so familiar with Woods had Woods proceeded with an evidentiary hearing. However, a defendant may not claim coercion to accept a plea offer based on his or her fear that a harsher sentence will be imposed after a hearing or trial as long as the trial judge does not announce or insinuate that sentencing post-trial will be more severe than the plea offered by the State. See Williams v. State, 316 So.2d 267, 271 (Fla.1975) ("A guilty plea is not deemed coerced because a defendant is influenced by the fear of a possibly higher penalty for the crime charged in the event the State is put to its proof, provided there is no specific threat or statement made by the judge or prosecutor.") (citing Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)); see also Jackson v. State, 801 So.2d 1024 (Fla. 5th DCA 2001). We therefore reject the argument advanced by Woods that his plea should be withdrawn because he was not represented by counsel or because his plea was coerced. Based on our review of this record, the trial court did not abuse its discretion in denying Woods' motion to withdraw his plea.
We reverse the orders awarding the supplemental fees and requiring that Woods pay them as a condition of his probation. We otherwise affirm Woods' sentence and conviction.
AFFIRMED in part; REVERSED in part.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] The trial court could have simply issued a lien that was essentially a civil judgment for the amount of the fees. See Bull v. State, 548 So.2d 1103, 1105 (Fla.1989) ("The assessment of fees and costs and the imposition of a lien is a civil proceeding which is reduced to a civil judgment. Further, enforcement of the lien is also a civil proceeding by the county, not a criminal prosecution by the state."). However, pursuant to section 938.29(1)(c), Florida Statutes (2002), the trial court elected to make payment of the supplemental fees a condition of Woods' probation. This fact dispels the notion advanced by the State that this was a proceeding independent of Woods' criminal sentencing. Hence we confine this opinion to the instance where the trial court makes payment of the fees a part of the criminal sentence by requiring payment as a condition of probation and express no opinion regarding instances where the trial court simply issues a civil judgment for the fees. We also note, parenthetically, that the 2002 version of section 938.29(1)(a), which is applicable in the instant case, was amended in 2003 to eliminate the requirement that the assessment of the fees be made at the sentencing hearing. § 938.29(1)(a), Fla. Stat. (2003).
[2] Section 27.56(7), Florida Statutes (1989), was substantially similar and provided:

The court having jurisdiction of the defendant-recipient may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender . . . at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
[3] In State v. Dodson, 760 So.2d 145 (Fla. 2000), the court held that the wrongful imposition of a public defender's lien does not constitute fundamental error that may be challenged on direct appeal without having been presented to the trial court via a rule 3.800(b) motion. Subsequent to Dodson, the court in Brannon v. State, 850 So.2d 452, 456 (Fla.2003), held that "for defendants whose initial briefs were filed after the effective date of rule 3.800(b)(2), the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal." Hence even fundamental sentencing errors must be preserved under the rule in order to allow a defendant the right to seek relief via a direct appeal.
[4] See Fla. R.App. P. 9.140(b)(2)(A)(ii)a. ("A defendant who pleads guilty or nolo contendere may otherwise directly appeal only . . . the lower tribunal's lack of subject matter jurisdiction. . . ."); Otero v. State, 793 So.2d 1115 (Fla. 4th DCA 2001); Winter v. State, 781 So.2d 1111 (Fla. 1st DCA), review denied, 799 So.2d 219 (Fla.2001); Harrell v. State, 721 So.2d 1185, 1186-87 (Fla. 5th DCA 1998) (citing C.W. v. State, 637 So.2d 28, 29 (Fla. 2d DCA 1994); Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986); Page v. State, 376 So.2d 901, 904 (Fla. 2d DCA 1979); Wesley v. State, 375 So.2d 1093, 1094 (Fla. 3d DCA 1979); Waters v. State, 354 So.2d 1277, 1278 (Fla. 2d DCA 1978); Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977)). In J.D. v. State, 849 So.2d 458 (Fla. 4th DCA 2003), the court stated that "a lack of jurisdiction constitutes fundamental error from which this court may grant relief even when presented for the first time on appeal." Id. at 460 (citing Holiday v. State, 753 So.2d 1264, 1269 (Fla.2000) ("The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application."); Saka v. Saka, 831 So.2d 709 (Fla. 3d DCA 2002); Cesaire v. State, 811 So.2d 816, 817 (Fla. 4th DCA 2002)); see also Morgan v. State, 757 So.2d 618 (Fla. 2d DCA 2000); Hoffman v. State, 729 So.2d 421 (Fla. 1st DCA 1999).