PER CURIAM.
The appellant, Richard Allen Rankin [“Rankin”], seeks review of an order placing a lien on his inmate account pursuant to section 57.085(5), Florida Statutes (2004). The State concedes error, and the trial judge has acknowledged the error. We reverse.
On September 1, 2004, Rankin appealed the denial of his motion for post conviction relief. On January 27, 2005, at the request of the clerk of the circuit court, the trial court rendered an order finding that “the prisoner was found to be indigent by this Court on September 16, 2004; however, he is not entirely without the means to pay appellate fees and costs.” The order placed a lien against Rankin’s jail inmate account and required monthly payments to cover the costs of the appeal process. Rankin now appeals this order [1].
Section 57.085(5) states in pertinent part:
(5) When the clerk has found the prisoner to be indigent, the court shall order the prisoner to make monthly payments of no less than 20 percent of the balance of the prisoner’s trust account as payment of court costs and fees. When a court orders such payment, the Department of Corrections or the local detention facility shall place a lien on the inmate’s trust account for the full amount of the court costs and fees, and shall withdraw money maintained in that trust account and forward the money, when the balance exceeds $10, to the appropriate clerk of the court until the prisoner’s court costs and fees are paid in full.
Subsection (10) of section 57.085 clearly states that this statutory provision does not apply to collateral criminal proceedings. The supreme court has concluded that the Prisoner Indigency Statute was enacted to discourage the filing of frivolous civil lawsuits, but not to prevent the filing of claims contesting the computation of criminal sentences. See Schmidt v. Crusoe, 878 So.2d 361, 365-66 (Fla.2003). Our sister courts have held that a trial court has no authority to order a defendant to pay any court costs and fees associated with a collateral criminal proceeding, such as for postconviction relief. See Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005); Small v. Crosby, 877 So.2d 911 (Fla. 4th DCA 2004); Pace v. State, 763 So.2d 375 (Fla. 2d DCA 2000).
REVERSED and REMANDED for further proceedings.
PLEUS, C.J., GRIFFIN and ORFINGER, JJ., concur.

. After Rankin appealed, the trial court attempted to correct the error by entering an order removing the lien on Rankin’s inmate account. However, tire trial court lacked jurisdiction to enter the order while this appeal was pending. Cf. Sewar v. State, 640 So.2d 1203 (Fla. 2d DCA 1994); Wells v. State, 362 So.2d 441 (Fla. 4th DCA 1978).