PER CURIAM.
 

 Appellant Rosemarie Ferrera appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion relates to Ferrera’s violation of probation (“VOP”) proceeding on a charge of exploitation of the elderly, a first degree felony. As a result of the proceeding, the trial court found Ferrera in violation of a condition of her probation, revoked the probation, and sentenced Ferrera to nineteen years in prison. We find that Ferr-era should have been granted leave to amend her motion, and reverse.
 

 Ferrera’s motion stated five generic claims of ineffective assistance of counsel. The trial court aptly noted in his denial order that to pass the first threshold for facial sufficiency in this context, a defendant’s motion must identify the specific acts or omissions of counsel alleged to have been deficient — and that mere con-elusory allegations are not sufficient to meet this burden.
 
 Kennedy v. State,
 
 547 So.2d 912, 913 (Fla.1989). Rather than deny the motion as facially insufficient, and grant Ferrera an opportunity to amend as required by
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), the trial court denied the motion with prejudice and attached a transcript of the VOP proceeding in an attempt to demonstrate that Ferrera’s general claims were refuted by the record. Ironically, the transcript demonstrates a potentially viable claim.
 

 The record shows that the State offered Ferrera a ten-year prison sentence if she admitted the violation, and that her
 
 *1282
 
 lawyer misadvised her that eleven and a half years was the maximum sentence she could receive if found to have violated her probation.
 
 [1]
 
 Ferrera had a viable defense to the VOP charge, although the trial judge did not find her witnesses to be credible. But, given that Ferrera in reality faced a possible prison sentence of thirty years, she may well have weighed the risks of accepting the plea differently if she had been accurately counseled by her attorney. Ferrera’s generic claim that her attorney failed to adequately discuss the facts of the case with her could be amended to state this potentially viable claim.
 

 Accordingly, we reverse the order on appeal and remand with directions that Ferrera be granted leave to amend her motion.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 GRIFFIN, SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . For reasons not clear to us, Ferrera's counsel believed that because Ferrera had originally received a fifteen-year probationary sentence, and had already served three and a half years of that sentence, the trial judge could only impose the balance of the probationary period — eleven and a half years — if Ferrera was found in violation of her probation. Of course, the law generally allows the trial court to impose any sentence that could have originally been imposed on the charge, up to the statutory maximum penalty, upon finding a willful and substantial violation of probation. § 948.06(2)(e), Fla. Stat. (2007);
 
 Woods v. State, 879
 
 So.2d 651, 653 (Fla. 5th DCA 2004).