DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**AMANDA MARIE DAHL,**
Appellee.

No. 4D16-3001

[September 27, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502015 CF000983A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellant.

No brief filed for appellee.

KLINGENSMITH, J.

Amanda Marie Dahl ("Appellee") entered a guilty plea to one count of leaving the scene of a crash involving death, a first degree felony. She was sentenced to 364 days in jail and ten years' probation with several special conditions. Over the State's objection, the trial court entered an order withholding adjudication of guilt. The State appealed this order under Florida Rule of Appellate Procedure 9.140(c)(1)(L).

After the State's notice of appeal was filed, the trial court recognized its mistake, entered an order that its previous withhold of adjudication was now "converted" to an adjudication of guilt, issued a new sentencing order, and amended the judgment to adjudicate Appellee guilty. Thereafter, the State filed its motion to quash the amended judgment and sentencing order, arguing that the trial court did not have jurisdiction to enter an amended judgment adjudicating Appellee guilty because the State already filed a notice of appeal and an appellate case number was assigned. The court denied that motion without a hearing. Our review is de novo. *Cromartie v. State*, 70 So. 3d 559, 563 (Fla. 2011).

As Appellee concedes, the trial court erred in this case because section 775.08435(1)(a), Florida Statutes (2015), prohibits a court from withholding adjudication of guilt for "[a]ny capital, life, or first degree felony offense." *See also State v. Foster,* 114 So. 3d 422, 422 (Fla. 5th DCA 2013) (reversing trial court's withhold of adjudication on a first degree felony, and remanding for an adjudication of guilt).

Further, the trial court lacked jurisdiction to enter its corrected sentencing order and amended judgment because the trial court was divested of jurisdiction when the State filed its appeal. *See Gonzalez v. State*, 384 So. 2d 57, 58 (Fla. 4th DCA 1980) (filing notice of appeal vested exclusive jurisdiction in appellate court and trial court was prohibited from modifying sentence after appeal was filed).

Accordingly, we reverse the trial court's withhold of adjudication and remand for entry of an adjudication of guilt.

*Reversed and Remanded.*

CONNER and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***