IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEREK LAMAR MURRAY,

      Appellant,

v.                                Case No.  5D17-2215

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 2, 2018

Appeal from the Circuit Court
for Osceola County,
Elaine A. Barbour, Judge.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp
and Kaylee D. Tatman, Assistant Attorneys
General, Daytona Beach, for Appellee.


PER CURIAM.

Derek Murray appeals his convictions for aggravated battery with great bodily harm

and simple battery.  We affirm the convictions without further discussion but reverse the

order for reimbursement of investigation costs to the Osceola County Sheriff's Office

because the trial court lacked jurisdiction to enter the order while this appeal was

pending.

Section 938.27(1), Florida Statutes (2016), provides in pertinent part that in all criminal cases, the court shall include in every judgment rendered against the convicted person the investigative costs incurred by law enforcement agencies, if requested by such agencies. Here, Murray disputed the amount of the investigative costs that were being requested by the Osceola County Sheriff's Office. As a result, the trial court announced at the sentencing hearing that it assessed investigative costs against Murray, but was reserving jurisdiction to determine at a later hearing the specific amount of these costs. Shortly thereafter, Murray filed the instant appeal. Subsequently, the trial court held the aforementioned hearing and entered the now-challenged order imposing investigative costs against Murray.

While the trial court properly reserved jurisdiction at the sentencing hearing to impose these investigative costs, the court was thereafter without jurisdiction to enter an order determining the amount while this direct appeal was pending. *See Gatlin v. State*, 618 So. 2d 765, 766 (Fla. 2d DCA 1993) (holding that although the trial court reserved jurisdiction at sentencing to consider imposing costs for police investigation, when the court actually ordered those costs it was without jurisdiction to do so because the defendant had already timely filed his notice of appeal). The State properly concedes error. Accordingly, the September 15, 2017 order for reimbursement of investigation costs entered by the trial court during this appeal is a nullity.

CONVICTIONS AND SENTENCES AFFIRMED. ORDER FOR REIMBURSEMENT OF INVESTIGATION COSTS REVERSED, without prejudice.[1]

COHEN, C.J., BERGER and LAMBERT, JJ., concur.

---

[1] The trial court may enter a separate order for reimbursement of investigation costs once jurisdiction is returned to it following the issuance of our mandate.

2