678 So.2d 1336 (1996)
STATE of Florida, Appellant,
v.
John Francis JONES, Appellee.
No. 95-2214.
District Court of Appeal of Florida, Fifth District.
July 5, 1996.
Rehearing Denied September 6, 1996.
*1337 Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellee.
COBB, Judge.
The state appeals from an order granting a motion to dismiss a charge of aggravated stalking, section 784.048(4), Florida Statutes, on grounds that the prosecution is barred by double jeopardy principles.
The defendant, John Francis Jones, was charged in Circuit Court Case No. 95-978 by amended information filed on July 21, 1995 with one count of aggravated stalking in that he:
between the 1st day of May, 1995 and the 16th day of May, 1995, in said County and State, did, in violation of Florida Statute 784.048(4), knowingly, willfully, maliciously and repeatedly follow or harass Carol Jones after an injunction for protection under Florida Statute 741.30 had been duly issued and served.
Meanwhile, in Circuit Court Case No. 95-852, the defendant had been charged by information filed on May 24, 1995 with aggravated stalking in that he:
on the 30th day of April, 1995, in said County and State, did, in violation of Florida Statute 784.048(4), knowingly, willfully, maliciously and repeatedly follow or harass Carol Jones after an injunction for protection under Florida Statute 741.30 had been duly issued and served.
The trial court had entered a judgment of acquittal in Case No. 95-852. When the defendant appeared for arraignment in Case No. 95-978 he asked for a statement of particulars to narrow the time period alleged in the information. The state, pointing out that stalking requires more than one act, asserted various acts such as phone calls, letters, attempted and actual contact with the victim. This included six phone calls from jail following the defendant's arrest in connection with Case No. 95-852 and two letters. The phone calls were alleged to have been made between May 2nd and May 10th. The letters, however, had been introduced in evidence at the earlier trial and the defendant argued that double jeopardy precluded him from being tried based on the same evidence.
The state responded that the motion was premature because the state had not introduced the letters. The state further stated that the letters had only been introduced in the earlier prosecution to show the defendant's state of mind and that the letters were not encompassed within the earlier information. The trial court agreed that the letters had been admitted as tending to show motive but not as to the issue of guilt or innocence. The letters had been sent between May 1st and May 16th.
The defendant, relying on Dell'Orfano v. State, 616 So.2d 33 (Fla.1993) claimed that aggravated stalking is a continuing crime and that the offense charged should have been brought in a single prosecution. The trial court agreed and granted the defendant's motion to dismiss. We reverse.
Section 784.048(4), Florida Statutes defines "aggravated stalking":

*1338 Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Aggravated stalking proscribes willful, malicious and repeated acts of harassment which are directed at a specific person, which serve no legitimate purpose and which would cause substantial emotional distress in a reasonable person. Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994), approved, 654 So.2d 127 (Fla.1995).
The issue here concerns that aspect of double jeopardy dealing with whether a particular factual circumstance constitutes one or two or more separate and distinct factual events. See Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981). The defendant's position is that because aggravated stalking is in the nature of a continuing offense and he was charged with and acquitted of aggravated stalking in Case No. 95-852, he could not be charged with aggravated stalking in Case No. 95-978.
This argument ignores the fact that while aggravated stalking requires repeated acts, such acts could conceivably constitute separate and distinct factual events which would support multiple prosecutions and convictions. Thus, in a clear example, if an accused repeatedly follows or harasses the victim with the requisite intent he may be guilty of aggravated stalking. If, after prosecution for the offense, the accused again undertakes to follow or harass on a repeated basis the victim, again with the requisite intent, he has committed another aggravated stalking.
This case does not present post-prosecution conduct but rather concerns post-arrest conduct of the defendant, i.e., the defendant's alleged harassment of the victim after his arrest in connection with Case No. 95-852 by way of telephone calls and letters. The defendant's apprehension and arrest in this context concluded the factual event which formed the basis for the arrest and began a separate and distinct factual event.
One purpose of the time allegations found in an information is to fix the time of the alleged commission of the offense with such certainty as to protect the accused from a second prosecution for the same offense. Collier v. State, 293 U.S. 622, 55 S.Ct. 237, 79 L.Ed. 709, cert. denied 116 Fla. 703, 156 So. 703 (1934). The informations here encompass separate time frames, with Case No. 95-852 alleging aggravated stalking "on the 30th day of April, 1995" by "knowingly, willfully, maliciously and repeatedly" following or harassing the victim, while Case No. 95-978 alleges commission of aggravated stalking between May 1, 1995 and May 16, 1995. The defendant is protected from being twice prosecuted for the same offense.
Dell'Orfano is distinguishable if for no other reason than the instant case concerns informations charging offenses in two separate periods of time. The prosecutions do not involve offenses which overlap or are subsumed within the time periods alleged in the particular informations.
As to evidentiary considerations, the fact that letters sent by the defendant to the alleged victim on or after May 1, 1995 were introduced in the initial prosecution does not prevent the second prosecution. The letters, having been sent outside the time period alleged in the information in Case No. 95-852, could not have been used to establish the defendant's guilt in that case had there been a timely objection and in the absence of an amendment to that information. See Hutchinson v. State, 453 So.2d 900 (Fla. 4th DCA 1984). Indeed, it appears that they were not so used in the earlier prosecution.
Because double jeopardy principles do not preclude the prosecution in Circuit Court Case No. 95-978, the order of dismissal is reversed.
REVERSED.
GOSHORN and HARRIS, JJ., concur.