DAUKSCH, Judge.
This is an appeal from an order dismissing charges against appellee.
Appellee was charged in Orange County with aggravated stalking. He was also charged in Osceola County with aggravated stalking of the same alleged victim. Without objection from appellant the court in Orange County granted appellee’s motion to consolidate the eases in Osceola County, which counties are both within the ninth judicial *769 circuit. Later, the Osceola County judge ordered the Orange County case severed from the Osceola case and transferred it back to Orange County for the reason that the case would “not result in plea as originally intended.”
Appellant went to trial and was convicted in Osceola County and then moved to dismiss the Orange County case on double jeopardy grounds. The Orange County judge granted that motion and we reverse that order. There are virtually no facts in the record for us to work with, and the trial judge did not set out the grounds upon which he found that jeopardy had attached in Osceola County on the charges in Orange County. However, reason and the wording of the charging documents cause us to determine that the record does not support the dismissal. The dates of the crimes alleged in the two counties are not identical and while the facts alleged are virtually the same they are alleged to have occurred in different counties. Thus, since the stalkings are alleged to have occurred in different places at different times, it was error to have dismissed the charges. This is not to say that perhaps appellee cannot, with a properly substantiated 3.190(c) motion, obtain a dismissal. As it stands now there is no basis in the record to support such an order of dismissal.
REVERSED.
PETERSON, C.J., and ANTOON, J., concur.