694 So.2d 841 (1997)
Craig HARTH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03264.
District Court of Appeal of Florida, Second District.
May 28, 1997.
James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
In this Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) appeal, appellant's counsel raises three issues. After a review of the record, we find no merit in the first issue regarding the denial of appellant's motion for judgment of acquittal and affirm appellant's conviction for burglary with a battery without discussion. We do, however, agree with appellant's counsel, and appellee concedes, that the trial court erred in sentencing appellant above the recommended guidelines score and in ordering restitution.
Appellant's recommended guidelines score was between 63.9 and 106.5 months. It is clear from the transcript that the trial judge intended to sentence appellant to the maximum sentence provided for under the guidelines. The trial judge, however, sentenced appellant to nine years and seven months incarceration, which exceeds the maximum sentence allowed under the guidelines. Accordingly, appellant's sentence is reversed and, on remand, appellant should be resentenced in accordance with the scoresheet to the maximum guidelines sentence of eight years and ten-and-one-half months incarceration.
Finally, we reverse the order requiring appellant to pay restitution since appellant had already filed his notice of appeal at the time the order was entered. The trial court therefore had no jurisdiction to enter the order. See Skaggs v. State, 620 So.2d 1304 (Fla. 2d DCA 1993). We conclude, however, that the trial judge reserved ruling on the issue. Accordingly, on remand, the trial court may reimpose restitution. See Gatlin v. State, 618 So.2d 765 (Fla. 2d DCA 1993).
FRANK and NORTHCUTT, JJ., concur.