706 So.2d 1374 (1998)
Joseph MARINELLI, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-02599, 96-02744.
District Court of Appeal of Florida, Second District.
February 25, 1998.
James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
*1375 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Joseph Marinelli appeals the judgment adjudicating him guilty of two counts of misdemeanor stalking of his wife, Judith Marinelli (the wife), and the trial court's determination concerning restitution. We reverse one count of misdemeanor stalking and strike certain costs imposed by the trial court. As to restitution, this court is without jurisdiction to consider that issue.
The State charged Marinelli with burglary of a dwelling owned by Dr. Jessica Schreier, criminal mischief, and four counts of aggravated stalking. Each of the aggravated stalking counts stated that the conduct occurred between January 2 and February 3, 1994; the alleged victims were Dr. Schreier and the wife.
The jury acquitted Marinelli of the aggravated stalking charges involving Dr. Schreier, and convicted him of the lesser included offense of simple (misdemeanor) stalking on the charges involving the wife. On the burglary charge, Marinelli was found guilty of the lesser included offense of trespass in a structure. Marinelli was acquitted of criminal mischief.
Marinelli argues on appeal that his two convictions of misdemeanor stalking, for actions occurring over the same period of time, violated double jeopardy.[1] Section 784.048(2), Florida Statutes (1993), describes misdemeanor stalking as the willful, malicious, and repeated following or harassing of another person. Inherent in the concept of stalking is that the actions comprise a "course of conduct," which is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." § 784.048(1)(b), Fla. Stat. (1993).
In this case, Marinelli was adjudicated guilty of two misdemeanor stalking offenses based on one course of conduct: the pattern of conduct occurring between January 2, 1994, and February 3, 1994.[2] Therefore, the two offenses required identical elements of proof, including the time frame in which they were committed. Accordingly, Marinelli is correct in his argument that the two offenses fail the Blockburger[3] test for double jeopardy, which is codified in section 775.021(4), Florida Statutes (1993).[4]
As to the restitution issue, this court is without jurisdiction to review the trial court's oral order establishing restitution. Although a hearing was conducted and the transcript reflects that restitution was ordered, the record on appeal contains no final written order concerning restitution. This *1376 court lacks jurisdiction to review orders which have not been reduced to writing. See Fla. R.App. P. 9.110(b), 9.020(g); Gatlin v. State, 618 So.2d 765, 766 (Fla. 2d DCA 1993); Phillips v. Albertson's Inc., 472 So.2d 513, 514 (Fla. 2d DCA 1985).
This, however, does not dispose of the issue. Because Marinelli had already filed his notice of appeal at the time the court orally ordered restitution, the trial court was without jurisdiction to enter the order. See Harth v. State, 694 So.2d 841, 841 (Fla. 2d DCA 1997); Skaggs v. State, 620 So.2d 1304, 1305 (Fla. 2d DCA 1993); Gatlin, 618 So.2d at 766. On remand, the trial court may reimpose restitution, provided that it has properly reserved jurisdiction to do so. See Harth, 694 So.2d at 841; Gatlin, 618 So.2d at 766.
The trial court also erred in imposing certain costs. First, the $4 costs ($2 for each case) imposed pursuant to section 943.25(13), Florida Statutes (Supp.1994), must be stricken because these discretionary costs were not orally pronounced at sentencing. See Reyes v. State, 655 So.2d 111, 117 (Fla. 2d DCA 1995) (en banc). Second, the $100 ($50 for each case) imposed pursuant to section 939.01, Florida Statutes (1993), also must be stricken because these discretionary costs were not orally pronounced at sentencing, nor were they specifically requested by the State pursuant to the statute. See Wilcox v. State, 674 So.2d 191, 191-92 (Fla. 2d DCA 1996); Reyes, 655 So.2d at 118-19. On remand, the State may seek reimposition of these discretionary costs provided that proper procedures are followed. See Reyes, 655 So.2d at 114.
Finally, we note that the probation order contains a scrivener's error that must be corrected on remand. The probation order states that Marinelli was found guilty of burglary of a dwelling and two counts of aggravated stalking, when, in fact, he was found guilty of trespass and two counts of misdemeanor stalking. On remand, the order should be corrected to reflect the offenses for which Marinelli was convicted, taking into consideration that one of the two misdemeanor stalking convictions must be vacated pursuant to this court's order. See Granger v. State, 575 So.2d 329 (Fla. 2d DCA 1991).
Accordingly, the trial court is directed to impose a single conviction for misdemeanor stalking and correct the scrivener's error in the probation order. The trial court may also readdress restitution and costs.
Reversed and remanded.
DANAHY and QUINCE, JJ., concur.
NOTES
[1] A double jeopardy issue may be raised on appeal notwithstanding that it was not raised in the trial court. See Velez v. State, 528 So.2d 525, 526 (Fla. 2d DCA 1988); Park v. State, 528 So.2d 524, 525 (Fla. 2d DCA 1988).
[2] We note that Marinelli had been charged with two counts of aggravated stalking, but the jury acquitted him of those charges, opting instead for misdemeanor stalking. We do not reach the issue of whether two counts of aggravated stalking, allegedly occurring over the same time period, would violate double jeopardy.
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[4] Section 775.021(4), Florida Statutes (1993), provides:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.