PER CURIAM.
The defendant appeals an order entered after an evidentiary hearing on a violation of probation. During the pendency of this appeal, the defendant filed a motion to correct certain technical errors in the sentencing order, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The court denied the motion. Defense counsel has now raised these errors in this appeal. The State agrees that the sentencing order needs correction. We therefore remand the ease to the trial court for correction of the following technical errors.
First, the trial court failed to enter a written sentencing order on count two after making its oral pronouncement. Second, the order refers to the original *576 sentence on count two as “two years probation” instead of correctly reflecting the one year term imposed by the court. Third, the order refers to the substantive violation as having occurred on May 23, 2001, when it occurred on February 2, 2002. The case is remanded for the trial court to correct these errors. See Fla. R.App. P. 9.110(b), 9.020(g); Marinelli v. State, 706 So.2d 1374 (Fla. 2d DCA 1998); McBride v. State, 655 So.2d 239 (Fla. 4th DCA 1995).
STEVENSON, MAY, JJ„ and CHAVIES, MICHAEL B., Associate Judge, concur.