867 So.2d 1172 (2004)
Edward WERNER, Appellant,
v.
Michelle SCHARLOP, Appellee.
No. 4D03-1829.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
Rehearing Denied April 12, 2004.
*1173 Edward Werner, Surfside, pro se.
Beverly B. Parker of Daugherty & Parker, Fort Lauderdale, for appellee.
STEVENSON, J.
Edward Werner appeals a final judgment of injunction for protection against repeat violence, challenging the sufficiency of the evidence and the trial court's limitation of his cross-examination. We affirm.
Briefly summarized, the evidence showed that after a single date with the victim, despite her repeatedly telling Werner that she wanted no further contact with him and the passage of more than one year, Werner continued to call, write letters and send e-mails to the victim. The victim provided no encouragement to these repeated contacts. In addition, Werner downloaded information about bachelorette parties from a pornographic web site and sent it to the victim at her place of employment, an elementary school, and repeatedly tried to contact her at school, even after being told by the school resource officer not to call or visit there. We find that the evidence adequately supported the trial court's determination that Werner's actions caused or created "substantial emotional distress," which is all that is required when the injunction is predicated upon repeated acts of stalking. See §§ 784.046(1)(b), 784.048(1)(a), 784.048(2), Fla. Stat. (2002); McMath v. Biernacki, 776 So.2d 1039, 1040 (Fla. 1st DCA 2001)(holding that objective, reasonable person standard must be applied in determining whether conduct created "substantial emotional distress"). Thus, Werner's argument that the evidence was insufficient to support the trial court's ruling because the victim was not threatened and had no reason to fear imminent violence is without merit.
Further, we find no error in the trial court's limitation of Werner's cross-examination of the victim. Werner's cross-examination was reasonably extensive and trial judges are afforded broad discretion in controlling the scope of cross-examination, see, e.g., D.W.G. v. Department of Children & Families, 833 So.2d 238, 242 (Fla. 4th DCA 2002); we find no abuse of that discretion here.
AFFIRMED.
STONE and WARNER, JJ., concur.