949 So.2d 358 (2007)
Roger Allen EICHELBERGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3630.
District Court of Appeal of Florida, Second District.
February 28, 2007.
*359 James Marion Moorman, Public Defender, and Jean-Jacques A. Darius, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Roger Eichelberger appeals his convictions and sentences for three counts of aggravated stalking. We affirm without comment his challenges as to the trial court's evidentiary rulings and the court's instructions to the jury. However, because Eichelberger's convictions for three separate counts of aggravated stalking violate the constitutional guarantees against double jeopardy,[1] we reverse two of the convictions and remand for entry of a corrected judgment and for resentencing.
Eichelberger argues that his convictions for three separate counts of aggravated stalking violate double jeopardy principles because the convictions all arise from a single criminal episode. Because a double jeopardy violation constitutes fundamental error, it may be raised for the first time on appeal. Marinelli v. State, 706 So.2d 1374, 1375 n. 1 (Fla. 2d DCA 1998).
The State charged Eichelberger with three counts of aggravated stalking pursuant to section 784.048(4), Florida Statutes (2002). In each count, the State alleged that between July 1, 2002, and October 16, 2002, Eichelberger "knowingly, willfully, maliciously, and repeatedly" contacted or attempted to contact the victim in violation of an injunction for protection against repeat violence, an injunction for protection against domestic violence, or other court-imposed prohibition of conduct. Each count alleged that Eichelberger used a different form of contact or attempted contact to stalk the victim. Count one alleged that he used the telephone, count two alleged that he used mail or written correspondence, *360 and count three alleged that he came within five hundred feet of the victim's residence.
Section 784.048(4) provides as follows:
Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 784.048(1)(a) defines the term "harass" as engaging "in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." Section 784.048(1)(b) defines the term "course of conduct" as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose," excluding constitutionally protected activity.
This court has previously held that multiple convictions of misdemeanor stalking for actions occurring during the same time period violate double jeopardy principles. Marinelli, 706 So.2d at 1375. In Marinelli, the State charged the defendant with misdemeanor stalking. We noted that "[i]nherent in the concept of stalking is that the actions comprise a `course of conduct,' which is defined as `a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose."' Id. (quoting § 784.048(1)(b), Fla. Stat. (1993)). We concluded that the defendant's convictions for two misdemeanor stalking offenses based on one course of conduct between January 2, 1994, and February 3, 1994, required identical elements of proof, including the identical time frame, and thus violated double jeopardy.
Here, the State argues that the multiple convictions are proper because Eichelberger engaged in three separate acts of aggravated stalking through the use of telephone messages, letters, and coming within five hundred feet of the victim's residence. We cannot agree. Eichelberger's acts, whether by telephone, letter, or approach within a specified distance, occurred during the three-and-a-half month time period alleged by the State in the information. The State did not present evidence of any break in Eichelberger's course of conduct that would mark the end of one series of acts and the start of another, or the end of one form of contact and the start of another. Instead, the evidence established one course of conduct that was ongoing during the pertinent time period. As such, the proof supported a conviction for one count of aggravated stalking.
This case is distinguishable from State v. Johnson, 676 So.2d 408 (Fla.1996), in which the Florida Supreme Court determined that the defendant's convictions for aggravated stalking and for contempt did not violate double jeopardy principles. Although both offenses were based upon the same course of conduct in which the defendant contacted his wife in violation of a domestic violence injunction, the court noted that the stalking and contempt charges contained different elements of proof. Id. at 411. That is not the case here, where the evidence did not establish different crimes with different elements of proof.
This case is also distinguishable from State v. Jones, 678 So.2d 1336 (Fla. 5th DCA 1996). There, Jones was arrested and charged with aggravated stalking for conduct that allegedly occurred on April 30, 1995. While he was in jail, he allegedly *361 again engaged in efforts to contact the victim during the period from May 1 to May 16, 1995. As a result, the State charged him in a second case with aggravated stalking.
Jones argued that because aggravated stalking is a continuing crime, he should only have been subject to a single prosecution. Id. at 1337-38. The court disagreed, noting that "while aggravated stalking requires repeated acts, such acts could conceivably constitute separate and distinct factual events which would support multiple prosecutions and convictions." Id. at 1338. The court explained as follows:
[I]f an accused repeatedly follows or harasses the victim with the requisite intent he may be guilty of aggravated stalking. If, after prosecution for the offense, the accused again undertakes to follow or harass on a repeated basis the victim, again with the requisite intent, he has committed another aggravated stalking.
Id. The court noted that the informations charging Jones encompassed separate time frames. The court concluded that Jones's arrest for the first crime "concluded the factual event which formed the basis for the arrest and began a separate and distinct factual event." Id.; see also State v. Evans, 681 So.2d 768, 769 (Fla. 5th DCA 1996) (reversing dismissal of aggravated stalking charge on double jeopardy grounds because the charging documents alleged conduct that occurred on different dates in two different counties).
Here, the State charged Eichelberger for an ongoing course of conduct that occurred during a single time period. Although the State alleged different means of contact during the same time period, it did not allege or establish the end of one course of conduct and the start of a new course of conduct. Accordingly, we affirm Eichelberger's conviction for one count of aggravated stalking but reverse the other two convictions for the same crime. We remand for entry of a corrected judgment reflecting a single conviction for aggravated stalking.
As to Eichelberger's sentence, the trial court sentenced him to the lowest permissible prison sentence calculated under a sentencing scoresheet that included points for the multiple convictions of aggravated stalking. Because the points for the multiple convictions cannot be included in computing the lowest permissible prison sentence, we reverse Eichelberger's sentence and remand for resentencing using a corrected scoresheet.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] U.S. Const. amend. V.; Art. I, § 9, Fla. Const.