# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2124
_____

WAYNE LOUIS HUTSELL,

Appellant,

v.

ELLEN DAVIS HUTSELL,

Appellee.

_____

On appeal from the Circuit Court for Jefferson County.
Dawn Caloca-Johnson, Judge.

February 4, 2019

PER CURIAM.

Wayne Louis Hutsell appeals the final judgment of injunction for protection against domestic violence entered against him under § 741.30, Florida Statutes (2016), based upon a petition filed by his former wife, Ellen Davis Hutsell. We reverse because the evidence presented at the hearing on the petition was legally insufficient to support the injunction.

For the trial court to issue an injunction for protection against domestic violence, the party seeking the injunction must establish that he or she has an objectively reasonable fear that he or she is in "imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat.; *see also Randolph v. Rich*, 58 So. 3d 290, 291 (Fla. 1st DCA 2011). In this case, the evidence

supporting the injunction stems from Mr. Hutsell's e-mail address having been registered to the in-vehicle safety and security system account for Ms. Hutsell's truck. The OnStar® equipment and capability was factory installed on the truck he helped her purchase in 2014, and his e-mail address was on the account. Because the system's activation button in her truck had been engaged, Ms. Hutsell alleged that Mr. Hutsell could receive text and e-mail notifications by which he could monitor her truck's location, fuel and oil levels, air pressure of the tires, and even lock and unlock its doors. His apparent access to her truck's electronic data frightened Ms. Hutsell.

Ms. Hutsell's domestic violence case asserted that Mr. Hutsell had stalked her based on her belief that he was tracking her truck. The definition of domestic violence includes "stalking," § 741.28(2), Fla. Stat., which is defined in section 784.048(2) to encompass when a person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." Because records from the truck's safety/security system were not admitted into evidence, and we do not know whether Mr. Hutsell actually accessed, used, or misused the truck's electronic records, there was not a basis for finding following- or cyberstalking-based violations of this statute. Regarding harassment, Florida law defines "harass" in section 784.048(1)(a) to mean "engag[ing] in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose."

Ms. Hutsell's evidence focused on two alleged incidents of harassment. By statutory definition, "stalking requires proof of repeated acts." *Pickett v. Copeland*, 236 So. 3d 1142, 1144 (Fla. 1st DCA 2018) (quoting *Lukacs v. Luton*, 982 So. 2d 1217, 1219 (Fla. 1st DCA 2008)). Ms. Hutsell argued that the first incident occurred one Valentines' Day morning when Mr. Hutsell showed up at the same Tallahassee restaurant where Ms. Hutsell was eating with one of Mr. Hutsell's relatives. Mr. Hutsell entered the restaurant and sat down at a table. He did not speak or attempt any interaction with Ms. Hutsell. But she immediately left the restaurant when he arrived. Mr. Hutsell then ate and left the restaurant sometime later.

The second incident related to Ms. Hutsell's work. In a text-message conversation between the parties, Mr. Hutsell made comments that led Ms. Hutsell to believe that he was tracking her whereabouts at work. These comments related to her response to a specific police call that Ms. Hutsell made to a neighborhood in the course of her work (Ms. Hutsell works for the police department). Earlier in the text-message string, however, Ms. Hutsell had herself identified the location of the call to Mr. Hutsell before he had referred to it. Because Ms. Hutsell alluded to her location first, these text messages didn't tend to show that Mr. Hutsell gleaned her location information via her truck's electronic safety/security system.

After hearing the evidence, the trial court took the matter under advisement. It later issued a ruling granting the injunction that did not make specific findings. The final order included only a conclusory recitation from the form injunction order:

> After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.

To receive an injunction, it was incumbent on Ms. Hutsell to prove her case with competent, substantial evidence. *Pickett*, 236 So. 3d at 1146. Viewing the evidence in her favor, we cannot conclude that competent, substantial evidence supports the conclusion that she was either a victim of domestic violence arising from these incidents and the tracking allegations, or had reasonable cause to believe that she was in imminent danger of becoming a victim of domestic violence. For these reasons, we reverse the decision of the lower court and remove the injunction against Mr. Hutsell.

REVERSED.

OSTERHAUS and JAY, JJ., concur; MAKAR, J., concurs with opinion.

3

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

MAKAR, J., concurs.

I concur, but highlight that this is a case of *evidentiary* insufficiency, not *legal* sufficiency. Allegations that OnStar® tracking or other means of surveillance were used surreptitiously and unlawfully to stalk a victim state a viable legal theory for relief under the statute. Here, insufficient evidence was presented to prove this theory of stalking, raising only a suspicion of improper behavior. This case again highlights the importance of legal counsel because the movant acted pro se at trial and did not file a pro se answer brief on appeal. *See Mitchell v. Brogden*, 249 So. 3d 781, 783 n.2 (Fla. 1st DCA 2018) (Makar, J., dissenting from denial of rehearing en banc).

Luke Newman, Luke Newman, P.A., Tallahassee, for Appellant.

Ellen Davis Hutsell, pro se, Appellee.

4