FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2025-2646
_____

ERICA LYNN ODOM,

        Appellant,

        v.

JAMES CALAS COLE,

        Appellee.

_____


On appeal from the Circuit Court for Wakulla County.
J. Layne Smith, Judge.

April 8, 2026


BILBREY, J.

        Appellant challenges the trial court's denial of her petition for injunction for protection against stalking. Appellant argues the trial court was incorrect in finding that her petition was legally insufficient to allow for an evidentiary hearing. We agree that Appellant's verified petition stated a cause of action for stalking by Respondent/Appellee harassing and cyberstalking Appellant. We therefore reverse and remand for an evidentiary hearing on Appellant's petition.

        Appellant's petition alleged that she and Appellee had been in an on-again, off-again relationship and had lived together. She also alleged that after an argument with Appellee, he called the police to their residence resulting in Appellant being charged with

domestic violence battery. Appellant alleged that she was released from jail with the condition that she have no contact with Appellee. She alleged that the Appellee "keeps harassing me and cyberstalking me by sending a multitude of text messages and calling my cell phone which I do not answer." She alleged that "[s]ome of his messages are menacing" and that the persistent contact has caused her emotional distress during her pregnancy.

In the petition, Appellant alleged that the assistant state attorney assigned to her criminal case contacted Appellee to have him cease all contact "to no avail." She alleged that Appellee was "unhinged and escalating" and that he had threatened to come to the hospital when she delivers, without her permission. Appellant attached text messages and receipts from an app where Appellee had sent her money unsolicited and against her wishes. The text messages also showed Appellee contacting other people asking them to have Appellant contact Appellee. Appellant sought the entry of an ex parte injunction and for the court to conduct an evidentiary final hearing and enter a permanent injunction. Appellant swore that the facts in the petition were true under penalty of perjury.

The trial court denied the petition without conducting an evidentiary hearing,* stating in the order denying

> Petitioner has failed to allege facts sufficient to support the entry of an injunction for protection against stalking because the Petition lacks factual and legal sufficiency to support a Petition for Stalking. The parties may want to file a paternity action once the child is born.

---

* From the record it is unclear if the trial court denied the petition after conducting an ex parte hearing or solely based on the pleadings. Appellant does not mention attending an ex parte hearing, and we have no record that an ex parte hearing occurred. But even if an ex parte hearing had been conducted, the sole issue there would be whether the verified petition stated a cause of action since "evidence other than verified pleadings or affidavits may not be used as evidence" in an ex parte hearing. § 784.0485(5)(b), Fla. Stat.

2

The Petitioner may want to file a Petition for Domestic Violence Injunction.

Appellant moved for rehearing noting that the trial court "did not specify which element of the statute was insufficiently alleged." The motion argued that the text messages from Appellee not only did not serve a legitimate purpose, instead they were sent for the "illegitimate purpose of convincing the Petitioner to unlawfully violate their no-contact order." The motion for rehearing was denied with the trial court stating that, "If she wants relief, she should file a petition for a domestic violence injunction. She qualifies for that." This appeal followed.

Stalking injunctions are governed by section 784.0485, Florida Statutes (2025) and rule 12.610, Florida Family Law Rules of Procedure. Section 784.0485(1) creates a cause of action for a stalking injunction. Stalking is committed when the perpetrator "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." § 784.048(2), Fla. Stat. "'Harass' means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. While "cyberstalk" is defined in part as meaning

> [t]o engage in a course of conduct to communicate, or to cause to be communicated, directly or indirectly, words, images, or language by or through the use of electronic mail or electronic communication, directed at or pertaining to a specific person . . . causing substantial emotional distress to that person and serving no legitimate purpose.

§ 784.048(1)(d)1., Fla. Stat.

Whether an initial pleading states a cause of action is a question of law subject to de novo review. *W.R. Townsend Contracting, Inc. v. Jensen Civ. Const., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999). Likewise, we apply a de novo standard of review in interpreting statutes. *Lukacs v. Luton*, 982 So.2d 1217, 1218 (Fla. 1st DCA 2008). Our cases provide guidance on how the statutory terms in section 784.048 are interpreted. "Thus, by its statutory definition, stalking requires proof of repeated acts." *Id.*

3

at 1219. "Substantial emotional distress is evaluated by an objective standard, based on the totality of all circumstances, and is not easily suffered." *Kendrick v. Glover*, 315 So. 3d 159, 161 (Fla. 1st DCA 2021).

"A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial." § 784.0485(5)(b), Fla. Stat; Fla. Fam. L. R. P. 12.610(b)(3)(A). The denial here was a tautology lacking in explanation, denying the petitioner for failing to "allege facts sufficient to support the entry of an injunction for protection against stalking because the Petition lacks factual and legal sufficiency." That alone would be grounds to reverse and remand. *See Reilly v. Reilly*, 325 So. 3d 1048, 1048 (Fla. 1st DCA 2021) (citing Fla. Fam. L. R. P. 12.610(b)(3)(A)) ("A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial.").

Moreover, the petition stated a cause of action for stalking. Multiple instances of harassment and cyberstalking were alleged. The allegation that Appellant was on pretrial release, subject to violating that release and committing a new crime if she had contact with Appellee, was sufficient to allege substantial emotional distress in an objectively reasonable person. *See* § 741.29(7), Fla. Stat. (making willful violation of pretrial release in a domestic violence case a first degree misdemeanor). The allegation that Appellee planned to show up during Appellant's labor and delivery against her wishes likewise alleged conduct that would cause a reasonable person in Appellant's situation substantial emotional distress. Lastly, that Appellant may have also qualified for an injunction for protection against domestic violence did not provide a basis to deny the injunction that Appellant sought here. *See* Fla. Fam. L. R. P. 12.610(c)(4)(B) ("Such relief may be granted in addition to other civil or criminal remedies.").

Accordingly, the trial court erred when it denied Appellant's petition for injunction for protection against stalking without a hearing as required by section 784.0485(4), Florida Statutes. *See Doe v. Days*, 365 So. 3d 1274, 1275 (Fla. 1st DCA 2023). Appellant did not seek an ex parte injunction in her initial brief, so we do not order that one be entered. However, we REVERSE and REMAND for

4

an evidentiary hearing on Appellant's verified petition for injunction for protection against stalking.

KELSEY and M.K. THOMAS, JJ., concur.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

Donald A. Pumphrey, Jr., of Pumphrey Law Firm, Tallahassee, for Appellant.

No appearance for Appellee.